AFFORDABLE PATIOS & SUNROOMS, APPELLANT CHRISTOPHER BURKE, CHAPTER 7 TRUSTEE, APPEARING PRO SE, SALLY ARMSTRONG, APPEARING FOR APPLELEA. All right, Mr. Burke, you want to reserve some time? Yes. Five minutes, please. Thank you. Great. Christopher Burke for the Chapter 7 Trustee, and may it please the court. This is the case of the missing conditions. It is not the case of the missing terms. The terms were agreed upon. What's the difference between a term and a condition? The terms put the meat of the agreement together. The conditions are reasons to walk away from it. It isn't that. Can't a condition be a term? In other words, can't a condition be just as important to the parties as a term? Yes, for reasons of walking away from an agreement. But if, for instance, if my neighbor was selling a car and I walked by and I saw a for sale sign and he was outside, I said, oh, I'll give you a thousand for that. And he said, okay, I'll take a thousand. Well, we have a contract. But then if I go and look and the engine's missing, that's a condition that would kill the deal because the whole point would be to purchase a car to drive it. And so here we had the meat of the offer, the amount, the property. And the court's decision basically comes down to it wasn't agreed to the subject matter because we didn't know if there was one building or three buildings. Well, that's a little bit more than that, wasn't it? I mean, there was also an issue of the inspection contingency, getting the personal property off the property. Weren't there other issues that needed to get worked out? I mean, I think you testified to those in your deposition. Right. But they were conditions for after the fact. In other words, they made the offer on the property and they had seen the flyer showing it was three buildings. That the acceptance said building, it had the property address that came up after the fact, Hey, you only said one building. If I had responded and said, no, this isn't based on three buildings. It's based on one building or two building. I would agree. But I said, yeah, you can buy the building at 910 Glendale. I accept your offer. This happens all the time with agreements. If I go to buy a house, I make an offer and acceptance. Then we work out the rest of it. Hey, I need three months to move out and stuff. Those are reasons, or if there's an inspection that doesn't pass, those are reasons to breach the contract. But here, after we had the essential terms, they breached it. Let me, let me go back to your car analogy. I mean, I don't think that's what's going on there. The reason I would let that buyer out if I were the seller would be to avoid being a claim for fraud, you know, because I've made it at least an implied representation that I have a fit car to sell. I think, I just don't understand your distinction between conditions and terms. It seems to me that a condition certainly can be a term and certainly can be a material term of a contract. If I were the buyer and I wanted to inspect property before closing, that would seem pretty important to me. I'm not denying that inspecting is important. They had been at the property and they, when they made their offer, they said, subject to possible contingencies. Well, they never brought up any contingencies. After the fact they threw in alleged contingencies, but the essential terms, our argument is the essential terms were there and there was a contract. Mr. the other way, because when I'm, when I'm looking at this, the whole argument is, is focused on the contract as existing, but allowing other issues to be decided for the benefit of the buyer. But let's look at it a slightly different way. Nevada law says that the conditions that to make a contract, one of them has to be the payment terms. Under your theory of contract, aren't they free to say, yeah, we offered you this and we're going to pay it to you in cash in 10 years? That's, that wouldn't be reasonable. Well, it would have to be reasonable. Who says that? I mean, I mean, you're saying notwithstanding a long history of having to have these terms for a contract that you get to throw it out if it's reasonable, what if they said we're going to pay it to you without interest in two years? I mean, you know, at some point it goes to your damages analysis. Don't they have the ability if we were to vacate and remand to say, fine, you have no damages because we're not going to pay it to you for a good long while. Well, I said the damages, even if they were going to pay it in a long time, it was sold to somebody else for less. Time value of money, no interest, at some point that becomes a no damage situation. You do not have payment terms agreed to by the parties, do you? Well, I think it's implied when they say it's a cash offer that they're going to be paying it in a lump sum within a reasonable time. In cash, within a reasonable time. That's an important term, though, that's not in the contract. What's reasonable? Isn't that, I mean, the whole nature of contract is so we don't have to be sitting here deciding what's reasonable because of implied terms. There's a narrow list of things. I kind of get, I don't disagree necessarily that at some level, whether there's squatters or this and that might be something. I can't get beyond the fact that you don't have a basic term specifically nailed out in the contract that just because it's a term your client needs, that that means it's any less of a contract or more of a contract because you want it to be. Do you see what I'm saying? I see what you're saying. To me, the implication of a cash offer is within a reasonable time. And if they came back and said, hey, it would take us 10 years, then I'd have a contract. The problem is they made the offer, I accepted the offer, and then when the court was going to have a hearing to approve it, using their words, freaked out and walked away and said, we never had a contract. So you'd be just fine if we were to vacate and remand and they came back and said, okay, the implied term of this contract is cash in 10 years. Well, the issue is, we all know the issue is, was there a contract? Because that was the whole basis for the summary judgment. And I'm saying there was enough there for a contract. And if that was the case, summary judgment shouldn't have been granted. And the issues that are being raised are perhaps genuine issues of material fact as to why summary judgment shouldn't have been granted. So I've done what I do, I've gotten it, I've sent the train of thought in an entirely different way. So go ahead and get back on your train of thought. I think we've run out of questions for the moment. So go ahead if you want to, or reserve if you want to, up to you. I'll reserve. Thank you. Thank you. Great. All right. Ms. Armstrong, please go ahead. Good morning, Your Honors. May it please the court, Sally Armstrong on behalf of Legacy Fire Services, LLC, Legacy, as you know, was the defendant in Mr. Burke's adversary proceeding and was the prevailing party on the motion for summary judgment. I would like to begin with the standards for a motion for summary judgment because I believe that a bankruptcy rule 7056, which incorporates for the most part, with one exception, Federal Rule of Bankruptcy Procedure 56, Civil Procedure 56A, mandates summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case and on which that party will bear the burden of proof. In the bankruptcy court, the trustee failed to make a showing that there was a meeting of the minds on the material terms of a contract. Tell me what material terms were missing in this case, in your point of view. Your Honor, I believe as Judge Taylor raised, the payment terms, the quantity of the property, the quality of the property, that gets us into a different issue with regard to parole evidence. But under Nevada law, which I believe Judge Cox correctly applied, Nevada says there must be five essential terms, five terms addressed in a contract for the sale of real property. Do you disagree with Mr. Burke? Mr. Burke, I think, is saying that if some things are missing from the contract, a court can interpolate reasonable terms. Do you disagree with that as a sort of a general proposition? I do, Your Honor. And I believe, and we cited in our answering brief a Nevada case with regard to inserting terms into a contract. And I can find that reference if you need me to. But at the heart of this contract are two letters. The letter that Legacy sent and Mr. Burke's letter. I believe in the motion for summary judgment process that Legacy informed the court of the basis for its motion and it's identified the portion of the pleadings and the discovery responses that demonstrated the absence of issue of material fact. And I appreciate the work all of you have done and that you've reviewed the excerpt of record. But I'd ask you again to review the excerpt of record at 176 to 185 and 185 to 356, because that sets forth the undisputed facts. After 40 pages of appellate briefing in this case, I do not trust the trustee has shown anything in the record, and that's very important, even when viewed in the light most favorable to him that could lead a rational trier of fact to find in his favor. Let me ask you this. Let me ask you this. So your client's letter said that there would be, I forget the exact words, but additional terms and conditions that need to be discussed. And Mr. Burke said, I accept, and he moved the court to approve the sale. I think at that point, the record indicates that your client retained counsel. Was there an effort made by your client from that point forward to resolve those terms and conditions? It's pretty clear that the attorney at that point said, we don't have a binding contract. But my question is, did they try to work out those missing agreements in that interim period before things completely fell apart? Yes, Your Honor. We asked Mr. Burke's attorney. Mr. Burke was not representing himself at the time. And I believe it's in the excerpt of record. We asked Mr. Burke's attorney to continue the hearing on the motion to sell so that we could work through these terms and conditions. And his attorney said no, that we could come bid on the property when and if it did sell, Your Honor, in September of 2020. But Your Honor, that is part of the motion or the response we filed. And the declarations regarding that conversation with Mr. Burke's attorney are part of the excerpts of record. All right. So you've got a letter that your client sent that says, we're paying cash for this property and we'll buy it, you know, subject to some terms and conditions to be worked out later. When they say, we're paying cash for this property, is it reasonable for Mr. Burke to assume, okay, cash at closing? Because otherwise, you know, you think financing, you know, you're going to pay it over time, but there's going to be cash at closing. Whether there's financing or cash, there's going to be cash at closing. That is correct, Your Honor, but when is closing? That was one of the terms that was not addressed. And that's part of what Nevada law requires. I believe, Your Honor, that Legacy's letter, which is the excerpt of record 242, I think it's specific that Legacy needed to discuss further contingencies in further terms of an agreement. Under Nevada law, that means there was no meeting of the minds on those further conditions and further terms of an agreement. Well, it's a little more ambiguous than that, right? Because I think the letter said something like, please feel free to contact us for further terms and conditions. That wasn't sort of a demand by Legacy. It would be like, if you want anything else, you should call us, is one way to read that sentence. That is fair, Your Honor. I think when you look at the surrounding circumstances, as Nevada law requires, that you look to whether this was in the May versus Anderson case tells us that you look at whether the surrounding circumstances show an intent to continue negotiating. One point I think is important is that the trustee's argument can be summarized, I think, in this way, and it's conjecture and speculation. It's not facts and evidence. It's if Legacy had put more in its letter, which goes to your question, there would have been further discussions. The parties could have agreed on a contract with conditions precedent, and if there were conditions precedent, which were not fulfilled, performance would have been excused. That is not evidence. Those are not facts that present a genuine issue of material fact. That is conjecture and speculation. I think it's also important, if I might, to refer you to the trustee's opposition to the motion for summary judgment because I think it admits what this court needs to know in determining whether to uphold the summary judgment or not. And I quote, and this is at the excerpt of the record, page 363, to summarize, and this is what Mr. Burke admits, the facts show that Mr. Glover was very interested in the building, but he had questions and possible nonspecific contingencies. He offered to pay $1,458,000, but contingencies had to be formed. At the excerpt of record 360, the trustee also admits in his opposition, Mr. Glover's attached letter was predicated on having liens satisfied and other possible contingencies and other terms to discuss. Indeed, and this is at excerpt of record 360 also, the legacy letter was accompanied by an email that ended with, please review and feel free to reach out for further discussion. So, Your Honor, with that factual background, again, set forth in the statement of undisputed facts, the bankruptcy court properly looked, analyzed Nevada law under May versus Anderson. The May case tells us that basic contract principles require for an enforceable contract and offer an acceptance, a meeting of the minds, and consideration. And May also tells us, Your Honors, that a contract cannot be, a valid contract cannot exist when material terms are lacking or insufficiently certain. And May also tells us that with respect to contract formation, preliminary negotiations do not constitute a binding contract unless the parties have agreed to all material terms. Nevada in its Tropicana case, which was a 1985 case, held specifically that when important terms remain unresolved, a binding agreement cannot exist. And then finally, in the estate of Kern, Kern tells us that you must have subject matter, you must have price, you must have payment terms, you must have quantity, and you must have quality. And even if this court were to agree with Mr. Burke that parole evidence should have been allowed to identify the property, the clients were not able to see one building on the property at the one time they visited. You still do not have payment terms, you do not have quantity, and you do not have quality. There were serious issues in this case about the quality of the property. Let me stop you about the parole evidence rule. My understanding of the parole evidence rule is it bars the admission of evidence that would contradict or vary the terms of an integrated agreement. In other words, you have to have an agreement that sets forth all the terms before parole evidence rule even gets triggered. So how does parole evidence even come in here if it's your view that there was no fully formed enforceable contract? It does not, Your Honor, in my view. The way the parole evidence came in, the way the briefing evolved on this is we said there's no contract. Our letter specifically stated we needed to discuss further terms and conditions. The original briefing in this case said that Mr. Burke's letter was a mirror acceptance. We pointed out that it was not, that it referred to one property instead of three. And that is when in passing an oral argument, the parole evidence, the court was asked to clearly said three commercial properties. But you were correct. In our opinion, that never comes into play. Can I ask you just kind of a completely different question? I'm kind of looking back at the sale order, which started the whole thing that Mr. Burke and the trustee got in March of 2020. The written order approved the sale, but it made no findings as to whether or not there is or was an enforceable contract between the trustee and Legacy Fire Services. So I guess my question is, was there even any obligation under the bankruptcy code for Legacy to complete the sale? Because doesn't the sale have to be approved? And, you know, it seems to me what was approved in the sale order was the trustee could sell it for this purchase price to somebody. Your Honor, I'm afraid I'm afraid I don't understand your question. To the extent I do understand it, my client, Legacy, was not served with a copy of the motion to sell. OK. It received the letter. It received Mr. Burke's letter. And there's no dispute that it received Mr. Burke's letter saying, I'm accepting your offer. And that's when they retained counsel. And that, again, is part of the excerpts of record. We filed a response. My understanding is it was important to Mr. Burke because because he didn't he didn't own the property at the time. Another non-debtor owned it and he was in litigation with that non-debtor that he be allowed to sell the property. Again, that's part of the bankruptcy court record. So it was important to Mr. Burke and his counsel at the time that he be able to proceed with the sale. And that order was designed to allow him to proceed with the sale. Well, I'm going to say maybe the answer to my question is, is that he approved the sale punting down the road this issue if it ever became an issue. If it ever and it never became an issue. Well, it did because Mr. Burke closed the sale to somebody else. And now he's suing you on the contract. And he sued us for the difference, for the breach of contract. In closing, your honors, I ask you as bankruptcy judges to look at this. I don't think you as bankruptcy judges would approve to sell based on these two letters or been able to conduct an auction. And as appellate judges, I ask you to look at the record as a whole and find that there was no genuine issue for trial and to uphold the bankruptcy court's judgment. All right. Thank you very much. Thank you, Mr. Burke. You have about seven minutes. Please go ahead. I'm sorry, you're muted. You're still muted, Mr. Burke. We can't hear you. Sometimes judges don't want to hear me. This is not one of those times. Thank you, Judge Farrison. Reference to your first question, I've got Black's Law Dictionary condition, a future and uncertain event on which the existence or extent of an obligation or liability depends, an uncertain act or event that triggers or negates a duty to render a promised performance as opposed to material term, which is a contractual provision dealing with significant issues such as subject matter, price, payment, etc. In the bankruptcy court's oral ruling at page 570, she based it on the following. The subject matter of the alleged agreement is not clear. This is a little bit troubling because every reference was to 910 Glendale and saying one building as opposed to three. That's a Scribner's error. Everybody knew what was involved. So then the court says there was also no payment terms. Yes, they were going to pay lump sum a certain amount. No due dates mentioned, no deposit amount. So I agree the court has probably focused on that. And this is what it all relies upon. But the fact that there was no specific due date, when somebody says I'm going to make a cash offer, it means they're ready to go and pay. And it would have just been in a reasonable time. And then the court said the quality of the property was never discussed. Well, if there was a problem with the quality of the property, they wouldn't have had to go through with the deal. That's the condition precedent. So but isn't that I mean, isn't the this isn't that a contractual question to how do we know whether this is an as is sale or a sale with warranties? I mean, we just don't know that right from the exchange of correspondence. Correct. But that to me would go to whether or not that's a material issue that should have denied summary judgment. The court should have went forward and had the trial, heard all the evidence from both parties, and then it could have ruled on whether there was a contract or whether summary judgment was appropriate. It was premature in its ruling. And the fact that there was just two letters, there's contracts made on a lot less than that. And so I would ask the court to reverse the summary judgment ruling by the bankruptcy judge that there was no contract and let it proceed to trial. All right. Any questions? OK, thank you very much to both of you for your good arguments of the matter submitted.
judges: FARIS, TAYLOR, BRAND